IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BONNEVILLE BILLING & COLLECTIONS, )
INC., an Idaho Corporation,                       )
                                                                   )   Case No. CV 08-557-S-CWD
                               Plaintiff,                      )
                                                                   )
v.                                                               )   **MEMORANDUM DECISION AND**
                                                                   )   **ORDER**
                                                                   )
CINDY CHASE and RAY CHASE,            )
                                                                   )
                               Defendants.                 )
_____)

        The Court has before it Plaintiff's Motion to Remand.  (Docket No. 5.)  Having reviewed

the parties' briefing, as well as the record in this case, the Court has determined that oral

argument on the motion is unnecessary.  Dist. Idaho Loc. Civ. R.  7.1(d)(2).  The Court finds, as

more fully explained below, that Plaintiff's Motion to Remand should be granted.

**I.**
**Background**

        This action is before this Court by virtue of a Notice of Removal filed on December 24,

2008, by Defendants Cindy Chase and Ray Chase.[1]  (Docket No. 1.)  At the same time,

Defendants filed a Notice of Appeal in the Fourth Judicial District of the State of Idaho, in and

_____

        [1]   Defendants Cindy and Ray Chase are also known as Cindy Chace and Ray Chace.  The latter
spelling of the Defendants' last name appears on some of the documents in the record.

**MEMORANDUM DECISION AND ORDER - 1**

for the County of Ada (Magistrate's  Division), relating to a state court judgment, discussed

below.  (Docket No. 1, Attach. 2, 3.)  The lawsuit subject to Defendants' Notice of Appeal and

Removal to the Court originally commenced in July of 2008, and involves a collection action

pursued by Plaintiff Bonneville Billing & Collections, Inc. against Cindy Chase and Ray Chase

("Defendants").  (Docket No. 1, Attach. 1.)  Plaintiff's claims arise from the collection on a

medical account Idaho Elk's Rehabilitation Hospital assigned to Plaintiff.  In its Complaint,

Plaintiff alleges that Defendants received goods and services from Idaho Elk's Rehabilitation

Hospital in the amount of $2,157.86, excluding interest, for which the Defendants agreed to pay.

(Docket No. 1, Attach. 1.)  In bringing its action, Plaintiff also sought an award of attorney fees

pursuant to Idaho Code §§12-120 and 12-121.

In their Answer and Counterclaim, Defendants denied the allegations and claimed that

Plaintiff violated the Federal Debt Collection Practices Act ("FDCPA") in its efforts to collect

the underlying debt.  (Docket No. 6, Ex. B.)  Thereafter, Plaintiff filed a motion for summary

judgment which the state court granted on November 26, 2008.  (Docket No. 6, Ex. E.)

Defendants likewise filed a Motion for Summary Judgment[2] that was scheduled to be heard on

November 20, 2008.  (Docket No. 6, Ex. D.)  Defendants failed to appear for that hearing and,

thereafter on December 15, 2008, the state court (Magistrate's Division) entered an Order

denying Defendants' Motion for Summary Judgment.[3]  (Docket No. 6, Ex. F.)  The state court

---

[2]  The full title of Defendants' motion for summary judgment is "Defendant's Objection to
Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment Against
Plaintiff, Affidavit and Memorandum of Law."  (Docket No. 1, pp. 10-16.)

[3]  The Defendants have failed to provide the Court with the aforementioned Order in their Notice
of Removal, as required by Dist. Idaho Loc. Civ. R. 81.1.  That rule states in pertinent part: "This rule
applies to civil actions removed to the United States District Court for the District of Idaho from the state
courts and governs procedure after removal.  The removing party must file a copy of the *entire* state court
record and the Register of Actions must be provided at the time of filing the notice of removal."  Dist.

**MEMORANDUM DECISION AND ORDER - 2**

ultimately entered a judgment and subsequently an Order to Amend Judgment against the Defendants.  (Docket No. 6, Ex. G.)

Plaintiff argues in its Motion to Remand (Docket No. 7) that there exists no basis for an appeal from state court to this Court, as the Defendants purport in their Notice of Removal. Additionally, Plaintiff argues that the Court lacks subject matter jurisdiction over the removed action.  Plaintiff asserts that Defendants' counterclaim, which arises under the Fair Debt Collection Practices Act, is insufficient to confer subject matter jurisdiction upon the Court and serve as a basis for removal of the state action.  More specifically, Plaintiff contends that the determination as to whether subject matter jurisdiction exists is made by application of the long-standing "well-pleaded complaint" rule.

Plaintiff further argues that Defendants' claim does not fit within the exception to the "well-pleaded complaint" rule, which states that Congress may completely preempt a particular area of law to hold that any civil complaint raising a select group of claims is necessarily of federal character.  In the alternative, Plaintiff asserts that Defendants' Notice of Removal was not timely under 28 U.S.C. § 1446(b).  (Docket No. 7.)

Defendants have not submitted a response to Plaintiff's Motion or otherwise addressed any of the above arguments advanced by Plaintiff .

## II.
## Discussion

Pursuant to D. Idaho L. Civ. R. 7.1(c), if a party wishes to oppose a motion he "must serve and file a response brief . . .  any affidavits, copies of all photographs, and documentary evidence

---

Idaho Loc. Civ. R. 81.1(a)(1) (emphasis added).  However, many  of the pleadings and orders from the state court proceedings were available to the Court via attachment to the Affidavit of Robert W. Talboy (Docket No. 6), filed by Plaintiff.

**MEMORANDUM DECISION AND ORDER - 3**

on which the responding party intends to rely." When the non moving party fails to file a timely opposition to a motion, the Court may deem "such failure . . . to constitute a consent to the . . . granting of said motion." D. Idaho L. Civ. R. 7.1(e). However, in the context of unopposed summary judgment motions, the Ninth Circuit has held that a District Court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). When the local rule does not require, but merely permits the court to grant an unopposed motion for summary judgment, the Court has discretion to determine whether noncompliance should be deemed consent to the motion. *Brydges*, 18 F.3d at 652. Although the instant motion to remand is not equivalent to a motion for summary judgment, the Court interprets *Brydges* to permit the Court discretion to consider the merits of an unopposed motion such as this one.

    To date, Defendants have not filed any response to Plaintiff's Motion to Remand. However, in light of the fact that Defendants are proceeding *pro se* and because Defendants' non-response has had minimal, if any prejudicial effect on Plaintiff, the Court will review the record and make its determination on the merits of Plaintiff's motion.

**A.     Appeal to Federal District Court**

    Plaintiff asserts that the Court lacks subject matter jurisdiction to hear Defendants' appeal because there exists no basis for an appeal of the collection action from state court to this Court. (Docket No. 7.) The Court agrees.

     Idaho R. Civ. P. 83(a)(1) provides that an appeal from decisions of magistrates "must first be taken to the district judges division of the district court from . . . a final judgment in a civil

**MEMORANDUM DECISION AND ORDER - 4**

action . . .."  Rule 83(b) further states that:  "All appeals from the magistrate's division shall be heard by the district court as an appellate proceeding."

The judgment that the Defendants are attempting to appeal was entered in the magistrate division of the Fourth Judicial District for the State of Idaho, indicating that the proper forum for Defendants' appeal is the district judge's division of the Fourth Judicial District for the State of Idaho.  And, as further explained below, there is no jurisdictional basis for the Court to hear Defendants' appeal.

**B.     Defendants' Removal**

Plaintiff asserts that this Court lacks subject matter jurisdiction over the removed cause of action, Defendants' FDCPA counterclaim, because a "counterclaim based on federal statutory or constitutional law may not serve as a jurisdictional basis for removal."  (Docket No. 7.)  Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced.  In federal courts, original jurisdiction exists over "all civil actions arising under the constitution, laws, or treaties of the United States."  28 U.S.C. § 1330.[4]

Generally, to determine whether an action "arises under" federal law, courts look to the "well-pleaded complaint" rule.  *Moore-Thomas v. Alaska Airlines*, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  Under this rule, federal subject matter jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  "A resulting corollary to the well-pleaded complaint rule, . . . the complete preemption

---

[4]  There is no basis to assert diversity jurisdiction since Plaintiff and Defendants are both situated in Idaho.

doctrine, provides that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Moore-Thomas*, 553 F.3d at 1243.  Therefore, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id*. at 1243-4.

28 U.S.C. § 1447(c) permits a party to challenge the removal action by seeking remand.[5] "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Any doubt in regard to the removed action means that "the defendant always has the burden of establishing that removal is proper."  *Id*.

Since it has long been established that a counterclaim cannot serve as a basis for removal,[6] the Court must first determine whether the original action filed by Plaintiff "arises under" federal law by looking at Plaintiff's complaint;  and second, even if the cause of action does not "arise under federal law," whether the action is such that it has been preempted by Congress and said to be "necessarily federal in character."

From the face of the complaint filed in state court, it is clear that Plaintiff attempted to collect, on behalf of Idaho Elks Rehabilitation Hospital, from the Defendants a debt for services rendered by Idaho Elks Rehabilitation Hospital to Defendants in the amount of $2,157.86. (Docket No. 1, Attach. 1, pp. 1-3.)  The complaint also references an "agreement" in which

---

[5] 28 U.S.C. § 1447(c) states in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."

[6] 28 U.S.C. § 1446 (b) states that the case stated by the initial pleading must, in the first instance, be removable.  Thus, a counterclaim cannot form the basis for invoking removal to federal court.  *See also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question defendants raise in their counterclaims does not provide a basis for removal.").

Defendants agreed to an interest charge of 12% annually on any unpaid balance due. There is nothing in the complaint indicating that there exists a cause of action which "arises under" federal law. The Court reads Plaintiff's complaint to allege a state law cause of action for breach of contract. As such, the Court is without jurisdiction to hear the removed cause of action.

Next, the Court must determine whether the cause of action, by virtue of the FDCPA counterclaim, is of the nature that Congress has completely preempted this particular area because it is "necessarily federal in character." The Court is not convinced that the nature of the action is such to completely preempt state law. Generally, courts have held that FDCPA claims do not fall into this category. *See generally Martin v. LaGualt*, 315 F. Supp. 2d 811 (D.C. Va. 2004); *Virgil v. Reorganized M.W. Co.*, 156 F. Supp. 2d 624 (D.C. Miss. 2001). Furthermore, 15 U.S.C. § 1692k(d) of the FDCPA provides for concurrent federal and state jurisdiction, and specifies that "state law claims regarding debt collection practices remain valid unless inconsistent with the federal statute." Having determined that the state law claim presented by Plaintiff is not inconsistent with the FDCPA, the Court concludes that the Defendants' FDCPA counterclaim is not within the particular area intended to be preempted by Congress. Accordingly, in this case there exists no exception to the "well-pleaded complaint rule." Thus, the Court finds that Plaintiff's Motion to Remand should be granted.

**MEMORANDUM DECISION AND ORDER - 7**

**C.      Timeliness of Removal**

Plaintiff also argues that Defendants' notice of removal is untimely pursuant to 28 U.S.C.

§ 1446(b).  (Docket No. 7.)  The Court need not address this argument, as it has no bearing on the

Court's decision to remand because the Court finds it lacks subject matter jurisdiction to hear the

case.[7]

//

//

---

[7] 28 U.S.C. Section 1446(b) states in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Although the Court is not deciding this matter on the basis of timeliness, it notes that the Complaint was filed on July 1, 2008 (Docket No. 1, Attach. 1), while Defendants' Notice of Removal was filed more than five months later on December 24, 2008.  (Docket No. 1.)

MEMORANDUM DECISION AND ORDER - 8

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      Plaintiff's Motion to Remand (Docket No. 5) is GRANTED and this action is DISMISSED without prejudice and REMANDED to the Fourth Judicial District of the State of Idaho, in and for the County of Ada (Magistrate's Division), Case No. CV 08-12313.

2)      Plaintiff is directed to file a notice of receipt of this Order and a copy of this Order with the Fourth Judicial District of the State of Idaho, in and for the County of Ada (Magistrate's Division), in Case No. CV 0812313, within five days, and at the same time file an Affidavit of Counsel with this Court providing a copy of the notice filed in the state court action.



DATED: May 6, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**